JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

WAWANESA GENERAL INSURANCE COMPANY

**DEFENDANTS**

APPLICA CONSUMER PRODUCTS, INC.

06 SEP -5 PM 4:13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'06CV 1781 WQH NLS

DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Wilson Elser Moskowitz Edelman
& Dicker LLP
402 W Broadway Ste 1500
San Diego, CA 92101;619/321-6200

**ATTORNEYS (IF KNOWN)**

Stanley A. Calvert (SBN 152981)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)** (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | X 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | X 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

28 U.S.C. sections 1441 and 1446

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| 110 Insurance | 310 Airplane | 362 Personal Injury-Medical Malpractice | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reappointment |
| 120 Marine | 315 Airplane Product Liability | | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 320 Assault, Libel & Slander | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instrument | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 340 Marine | | 640 R.R. & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 345 Marine Product Liability | **PERSONAL PROPERTY** | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 350 Motor Vehicle | 370 Other Fraud | 660 Occupational Safety/Health | **SOCIAL SECURITY** | 810 Selective Service |
| 153 Recovery of Overpayment of Veterans Benefits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| 160 Stockholders Suits | 360 Other Personal Injury | 380 Other Personal Property Damage | **LABOR** | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| 190 Other Contract | | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | 530 General | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Tort to Land | 444 Welfare | 540 Mandamus & Other | | | 950 Constitutionality of State |
| X 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | 890 Other Statutory Actions |
| 290 All Other Real Property | | 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- 1 Original Proceeding
- X 2 Removal from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND** 267,748.45

Check YES only if demanded in complaint:
JURY DEMAND: X YES   NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE 9/5/06

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

128925 B350 SU 9/5/06

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 128925 - A1
September 5, 2006

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV066900 | 3-06-CV-1781 | | 60.00 CH |
| Judge | - HAYES | | |
| CV086400 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total-> 350.00

FROM: CIVIL FILING
WAWANESA GENERAL INSURANCE CO
V. APPLICA CONSUMER PRODUCTS
INC  BC# 55170 SH

1  STANLEY A. CALVERT  (State Bar No. 152981)
   **WILSON, ELSER, MOSKOWITZ,**
2     **EDELMAN & DICKER LLP**
   402 West Broadway, Suite 1500,
3  San Diego, CA 92101-8509
   Telephone: 619.321.6200
4  Facsimile: 619.321.6201

5  Attorneys for Defendant
   APPLICA CONSUMER PRODUCTS, INC. WHICH
6  WILL DO BUSINESS IN CALIFORNIA AS FLORIDA
   APPLICA CONSUMER PRODUCTS, INC.

7

FILED

06 SEP -5 PM 4: 13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PL2L      DEPUTY
BY:

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  WAWANESA GENERAL INSURANCE        )  Case No.**06CV 1781**   **WQH NLS**
    COMPANY, a California corporation as subrogee of )
12  SANDY ASCH,                        )  **NOTICE OF REMOVAL**
                                        )  **BY DEFENDANT APPLICA**
13              Plaintiff,             )  **CONSUMER PRODUCTS, INC.**
                                        )  **WHICH WILL DO BUSINESS IN**
14       vs.                           )  **CALIFORNIA AS FLORIDA APPLICA**
                                        )  **CONSUMER PRODUCTS, INC.**
15  APPLICA CONSUMER PRODUCTS, INC.,   )  **(28 U.S.C. §§ 1441 AND 1446)**
    WHICH WILL DO BUSINESS IN CALIFORNIA )
16  AS FLORIDA APPLICA CONSUMER        )
    PRODUCTS, INC.; and DOES 1-20, inclusive, )
17                                      )
                                        )
18              Defendant.             )

19  **TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF**

20  **CALIFORNIA:**

21       1.  APPLICA CONSUMER PRODUCTS, INC. WHICH WILL DO BUSINESS IN

22  CALIFORNIA AS FLORIDA APPLICA CONSUMER PRODUCTS, INC. ("APPLICA") is a

23  defendant in the civil action brought on July 21, 2006, in the Superior Court of the State of

24  California for the County of San Diego.  Pursuant to the provisions of Sections 1441 and 1446 of

25  Title 28 of the United States Code, APPLICA removes this action to the United States District Court

26  for the Southern District of California, which is the judicial district and division in which and where

27  the subject matter of this litigation arose.

28



**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**
1249038.1

2. The grounds for removal of this action are that plaintiff WAWANESA GENERAL INSURANCE COMPANY is domiciled in the State of California and defendant APPLICA is incorporated in the State of Florida with its principal place of business being in Florida, the amount in controversy exceeds the jurisdictional limits necessary for removal as evidenced by plaintiff's complaint at page 3, paragraph 15, and the incident occurred within this judicial district.  Diversity of citizenship is complete and removal of this action is, therefore proper under Section 1441 of Title 28 of the United States Code because this is a civil action brought in state court over which the federal district courts would have had original jurisdiction had the action been commenced in federal court.

3. This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because plaintiff's complaint was filed on July 21, 2006, and it was served on defendant APPLICA, through substituted service, on August 30, 2006. (Attached hereto as **Exhibit A** Acknowledgement of Receipt of Service executed by Applica's Defense Counsel)   This Notice of Removal is filed within 30 days of receipt and within one year of its filing and is, therefore, timely under 28 U.S.C. § 1446(b).

4. All state-court papers served on the defendant at the time of removal, consisting of Civil Case Cover Sheet, Complaint for Damages, and Notice of Case Assignment are attached hereto.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**

1249038.1

1    5.   Also attached hereto is the Answer of Defendant APPLICA to Plaintiff's Unverified

2   Complaint, removing party herein, was filed on or about September 5, 2006, the same date that this

3   Notice of Removal is being filed with this Court.

4

5   Dated:   9/1/06

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Stanley A. Calvert
Attorneys for Defendant
APPLICA CONSUMER PRODUCTS,
INC. WHICH WILL DO BUSINESS IN
CALIFORNIA AS FLORIDA APPLICA
CONSUMER PRODUCTS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**

1249038.1

EXHIBIT A

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Raymond R. Lee, Esq. (#149316)<br>SUPPA, TRUCCHI & HENEIN, LLP<br>3055 INDIA STREET, SAN DIEGO, CA 92103<br><br>TELEPHONE NO.: 619-297-7330     FAX NO. *(Optional)*: 619-297-9658<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: WAWANESA MUTUAL INSURANCE COMPANY, et al. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS: 330 W. BROADWAY<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN DIEGO, CA 92101<br>BRANCH NAME: CENTRAL DIVISION |

| PLAINTIFF/PETITIONER: WAWANESA MUTUAL INSURANCE, et al.<br><br>DEFENDANT/RESPONDENT: APPLICA CONSUMER PRODUCTS INC., et al. | |
|---|---|

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>GIC869581 |
|---|---|

TO *(insert name of party being served)*: Thomas DeMicco for APPLICA CONSUMER PRODUCTS, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS FLORIDA APPLICA CONSUMER PRODUCTS, INC.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 25, 2006

Raymond R. Lee
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X]  A copy of the summons and of the complaint.
2. [X]  Other *(specify)*: Notice of Case Assignment, Civil Case Cover Sheet, ADR information.

*(To be completed by recipient)*:

Date this form is signed: 8/30/06

Thomas M. DeMicco on behalf of Applica
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
Consumer Products, Inc.

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* APPLICA CONSUMER PRODUCTS,
INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS FLORIDA
APPLICA CONSUMER PRODUCTS, INC.; and DOES 1 through 20,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* WAWANESA GENERAL
INSURANCE COMPANY, a California corporation as subrogee of
SANDY ASCH

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA<br>County of San Diego, Central Division, 330 W. Broadway,<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* GIC 869581 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RAYMOND R. LEE SB#149316, SUPPA, TRUCCHI & HENEIN, LLP
3055 India St., San Diego, CA 92103

DATE:
*(Fecha)* JUL 2 1 2006

C. SCHAEFFER

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

RAYMOND R. LEE
SUPPA TRUCCI & HENEIN LLP
3055 INDIA STREET
SAN DIEGO, CA  92103-6013

---

| WAWANESA GENERAL INSURANCE COMPANY | Case No.:   GIC869581 |
|---|---|
| Plaintiff(s) | **NOTICE OF CASE ASSIGNMENT** |
| vs. | |
| | Judge:   JEFFREY B. BARTON |
| APPLICA CONSUMER PRODUCTS INC | Department:  69 |
| Defendant(s) | Phone:   619-685-6137 |

COMPLAINT FILED  07/21/06

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

## CERTIFICATE OF SERVICE

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at   SAN DIEGO , California.

DATED: 07/24/06                          BY: CLERK OF THE SUPERIOR COURT

1  Samy S. Henein, Esq. (#171356)
   Raymond Lee, Esq. (#149316)
2  SUPPA, TRUCCHI & HENEIN, LLP
   3055 India Street
3  San Diego, CA  92103-6013
   Telephone No. (619) 297-7330
4
   Attorneys for Plaintiff WAWANESA GENERAL
5  INSURANCE COMPANY, a California corporation as
   subrogee of SANDY ASCH
6

7

8
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
              COUNTY OF SAN DIEGO, CENTRAL DIVISION
10

11  WAWANESA GENERAL INSURANCE      )   Case No.:   **GIC869581**
    COMPANY, a California corporation as )
12  subrogee of SANDY ASCH,          )
                                      )
13        Plaintiff,                  )   **COMPLAINT FOR DAMAGES**
                                      )   (Unlimited Jurisdiction)
14  v.                                )   (Amount in dispute $267,748.45)
                                      )
15  APPLICA CONSUMER PRODUCTS,       )
    INC., WHICH WILL DO BUSINESS IN  )   **1. Strict Products Liability**
16  CALIFORNIA AS FLORIDA APPLICA    )      **(Design Defect)**
    CONSUMER PRODUCTS, INC.; and DOES 1- )   **2. Subrogation**
17  20, Inclusive,                   )
                                      )
18        Defendants.                 )
                                      )
19  _____ )

20  Plaintiff alleges:

21              **INTRODUCTORY ALLEGATIONS**
22
                   **Jurisdiction and Venue**
23
24        1.    This court has jurisdiction over this action and venue is proper in this court
    because:
25
          2.    The amount prayed for herein, exclusive of costs and interest, exceeds the sum
26
    of $25,000; and,
27
          3.    The accident occurred within the jurisdiction of this court.
28
    ///

    UNLIMITED CIVIL COMPLAINT                1

**Parties**

4.      The named parties to this action and their capacities are:

5.      Plaintiff, WAWANESA GENERAL INSURANCE COMPANY (hereinafter referred to as "Plaintiff" or "WAWANESA"), is a California corporation and subrogee of insured SANDY ASCH.

6.      Plaintiff alleges on information and belief that Defendant APPLICA CONSUMER PRODUCTS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS FLORIDA APPLICA CONSUMER PRODUCTS, INC. (hereinafter "APPLICA") is, and at all times herein mentioned was, a corporation incorporated in the State of California and doing business in the County of San Diego, State of California.

7.      Plaintiff is unaware of the true names and capacities of the defendants named DOES 1 through 20, inclusive, and therefore sues them pursuant to C.C.P. § 474 alleging on information and belief that each such fictitiously-named defendant was legally responsible for plaintiff's damages as alleged in this complaint and at all pertinent times:

a.      Were individuals;

b.      Were the partner, joint-venturer, principal, predecessor in interest, successor in interest, wholly owned subsidiary and/or owner of the other named defendants;

c.      Were the employee or agent of the named defendants;

d.      Acted within the scope of such agency or employment with the complete knowledge, consent and authority of the named defendants; and/or

e.      Were responsible in some way for plaintiff's damages.

**FACTUAL ALLEGATIONS**

8.      Plaintiff realleges paragraphs 1 through 7 of this complaint as though set forth in full.

9.      On or about January 28, 2005, WAWANESA's insured, SANDY ASCH (hereinafter "ASCH") was the owner of certain real property commonly described as located at 12481 Carmel Cape, San Diego, CA 92130 (hereinafter "Subject Property").

---

UNLIMITED CIVIL COMPLAINT                    2

10.     Thereafter, ASCH entered into a written contract for insurance with defendant WAWANESA whereby I.C.W. provided ASCH with an liability insurance policy (hereinafter "Policy") covering the Subject Property.

11.     On or about January 28, 2005, an electric toaster/oven manufactured and distributed by defendant APPLICA and DOES 1-20 caused a fire in the residence of plaintiff's insured SANDY ASCH located at 12481 Carmel Cape, San Diego, CA 92130.

12.     The electric toaster/oven was model TRO 360 TY6, was identified with UL listing number 228E, and sold under the trade name of Black and Decker (hereinafter referred to as "TOASTER/OVEN").

13.     As a result of the fire caused by the TOASTER/OVEN, the residence located at 12481 Carmel Cape, San Diego, CA 92130 sustained damages in the amount of $266,748.45.

14.     Insured ASCH then made a claim to Plaintiff pursuant to the terms and conditions of the Policy for said fire damage. Said claim was designated as Claim No.: 391892.

15.     Pursuant to terms and conditions of the policy, WAWANESA became obligated to pay the amount $267,748.45 to and behalf ASCH, which includes payment of the insured's deductible in the amount of $1,000.00.

### FIRST CAUSE OF ACTION

### FOR STRICT PRODUCTS LIABILITY(DEFECTIVE DESIGN)

### AGAINST APPLICA and DOES 1-20

16.     Plaintiff realleges paragraphs 1 through 11 of this complaint as though set forth in full.

17.     The TOASTER/OVEN was defective in that the designs of various components of the TOASTER/OVEN were defective. As a result of the defective design, the TOASTER/OVEN would operate at times and circumstances under which the ordinary consumer would not expect the TOASTER/OVEN to be in operation. The TOASTER/OVEN was defectively designed in that the normal operation of the same presented a fire hazard due to unsafe and defective aspects of the technical mechanisms controlling the heating elements of the unit.

///

---

18.     Due to the defective design, the TOASTER/OVEN failed to perform as safely as an ordinary consumer would expect when the TOASTER/OVEN was used in an intended or reasonably foreseeable manner.

19.     Due to the defective design, the TOASTER/OVEN was not fit to safely perform the task for which it was intended.

20.     The defective design of the TOASTER/OVEN caused a fire in the residence located at 12481 Carmel Cape, San Diego, CA 92130, on January 28, 2005.  The residence sustained damages in the amount of $267,748.45.

21.     As proximate a result of the defective design, WAWANESA's insured's residence was damaged and pursuant to the policy WAWANESA became obligated to and did pay to and on behalf of their insured a total $267,748,45, after consideration of the insured's deductible in the amount of $1,000.00.

22.     As a further proximate result of defendants' APPLICA CONSUMER PRODUCTS, INC., A California Corporation and DOES 1-20 defective design,  WAWANESA has been damaged in the amount of  total amount of $267,748,45, after consideration of the insured's deductible in the amount of $1,000.00, and is entitled to recovery of such amounts from Defendants.

### SECOND CAUSE OF ACTION

### FOR SUBROGATION AGAINST APPLICA

### and DOES 1-20, Inclusive

23.     Plaintiff realleges paragraphs 1 through 22 of this complaint as though set forth in full.

24.     The insured ASCH made a claim to WAWANESA under the aforementioned policy of insurance and WAWANESA investigated the nature of the fire and subsequent damages to the insured's subject property.  Pursuant to its investigation, WAWANESA determined that the insured's subject property was damaged by a fire caused by a defectively designed  TOASTER/OVEN.

25.     Pursuant to its obligation under the policy of insurance, WAWANESA paid $267,748.45 on behalf of insured, after payment and/or consideration of the insured's deductible in the amount of $1,000.00.  WAWANESA was subrogated to all causes of action, rights and remedies of the

---

UNLIMITED CIVIL COMPLAINT              4

1 │ insured against Defendants causing the damages described in this complaint up to the extent of the

2 │ payment by WAWANESA on behalf of insured.

3 │      26.    WAWANESA made a demand on Defendant for payment of said amount but said

4 │ amount is wholly owing and outstanding.

5 │      27.    As a proximate result of the aforementioned defectively designed

6 │ TOASTER/OVEN and of Defendants refusal to reimburse Plaintiff for the amounts due, as herein

7 │ alleged, the insured ASCH incurred substantial property damage and is entitled to compensation for the

8 │ reasonable value of the repairs to subject property and is further entitled to interest on such amount

9 │ according to proof.

10 │      28.    As a further proximate result of Defendants' defective designs and the

11 │ subsequent subrogation of all causes of action, rights and remedies of the insured against Defendants,

12 │ APPLICA CONSUMER PRODUCTS, INC., A California Corporation and DOES 1-20 are jointly and

13 │ severally obligated to WAWANESA for total amount of $267,748.45 which includes payment of the

14 │ inured's deductible in the amount of $1,000.00, plus interest thereon according to proof.

15 │      29.    As a further proximate result of Defendants' actions, WAWANESA is entitled

16 │ to attorneys' fees and costs according to proof.

17 │ **<u>PRAYER</u>**

18 │ **WHEREFORE,** Plaintiff respectfully demands entry of judgment in its favor and against

19 │ Defendants as follows:

20 │ 1.    For damages in the amount of $267,748.45;

21 │ 2.    For costs of suit herein incurred; and,

22 │ 3.    For such other and further relief as the court may deem proper.

23 │

24 │ DATED: July 17, 2006              SUPPA, TRUCCHI & HENEIN, LLP

25 │

26 │                   By:

27 │                   Raymond Lee , Attorneys for Plaintiff
                  WAWANESA GENERAL INSURANCE

28 │                   COMPANY

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| RAYMOND R. LEE SB#149316 SUPPA, TRUCCHI & HENEIN, LLP 3055 India St., San Diego, CA 92103 TELEPHONE NO.: 619-297-7330   FAX NO.: ATTORNEY FOR *(Name):* WAWANESA GENERAL INSURANCE, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: HALL OF JUSTICE

CASE NAME: WAWANESA GENERAL INSURANCE v. APPLICA, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | GIC   869581 JUDGE: DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 1800–1812)** |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Mass tort (40) |
| [✓] Product liability (24) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [✓] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
  a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* 2

5. This case [ ] is [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7-17-2006

RAYMOND R. LEE
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.JuriSearch.com

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

---

| | |
|---|---|
| WAWANESA GENERAL INSURANCE COMPANY<br><div align="right">Plaintiff(s)</div><br><br>vs.<br><br>APPLICA CONSUMER PRODUCTS INC<br><div align="right">Defendant(s)</div> | Case No.:   GIC869581<br><br>**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS**<br>(CRC 1590.1)<br>Judge:   JEFFREY B. BARTON<br>Department:   69 |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process.  Selection of any of these options will not delay any case management timelines.

☐ Court-Referred Mediation Program
☐ Private Neutral Evaluation
☐ Private Mini-Trial
☐ Private Summary Jury Trial
☐ Private Settlement Conference with Private Neutral
☐ Other (specify): _____

☐ Court-Ordered Nonbinding Arbitration (Cases valued at $50,000 or less)
☐ Court-Ordered Binding Arbitration (Stipulated)
☐ Private Reference to General Referee
☐ Private Reference to Judge
☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                                  Date: _____

Name of Plaintiff                                  Name of Defendant

Signature                                          Signature

Name of Plaintiff's Attorney                       Name of Defendant's Attorney

Signature                                          Signature

(Attach another sheet if additional names are necessary).  It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, Rule 225.  Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

**IT IS SO ORDERED.**

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Use of Alternate Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court has established a Civil Mediation Program to replace the Mediation Pilot Program established by Code of Civil procedure sections 1730 et seq. The Civil Mediation Program, in effect for cases filed on or after May 1, 2003 or upon stipulation, is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute -- the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for court-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter III and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Use Alternative Dispute Resolution Process" which is included in this ADR Package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 338-2797.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

**EXHIBIT C**

1   STANLEY A. CALVERT  (State Bar No. 152981)
    **WILSON, ELSER, MOSKOWITZ,**
2     **EDELMAN & DICKER LLP**
    402 West Broadway, Suite 1500,
3   San Diego, CA 92101-8509
    Telephone: 619.321.6200
4   Facsimile: 619.321.6201

5   Attorneys for Defendant
    APPLICA CONSUMER PRODUCTS, INC. WHICH
6   WILL DO BUSINESS IN CALIFORNIA AS FLORIDA
    APPLICA CONSUMER PRODUCTS, INC.
7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF SAN DIEGO

10

11  WAWANESA GENERAL INSURANCE            )   Case No. GIC869581
    COMPANY, a California corporation as subrogee of )
12  SANDY ASCH,                           )   **ANSWER TO UNVERFIEID**
                                          )   **COMPLAINT**
13                    Plaintiff,          )
                                          )   Dept: 69
14        vs.                             )   Action Filed: 7/21/06
                                          )
15  APPLICA CONSUMER PRODUCTS, INC.,      )   Judge: Hon. Jeffrey B. Barton
    WHICH WILL DO BUSINESS IN CALIFORNIA  )
16  AS FLORIDA APPLICA CONSUMER           )
    PRODUCTS, INC.; and DOES 1-20, inclusive, )
17                                        )
                      Defendant.          )
18  ──────────────────────────────────────)

19

20        COMES NOW defendant APPLICA CONSUMER PRODUCTS, INC. WHICH WILL DO

21  BUSINESS IN CALIFORNIA AS FLORIDA APPLICA CONSUMER PRODUCTS, INC., a

22  Florida corporation with its principal place of business in the State of Florida and answering plaintiff

23  WAWANESA GENERAL INSURANCE COMPANY's (hereinafter "plaintiff"), as subrogee of

24  SANDY ASCH, unverified Complaint on file herein, for itself alone, and for no other defendants,

25  admits, denies, and alleges as follows:

26        1.  Pursuant to the provisions California Code of Civil Procedure (hereinafter "CCP") §

27  431.30, this answering defendant deny generally each, every and all of the allegations in said

28  complaint, and the whole thereof, including each and every purported cause of action contained

────────────────────────────────────────────────────

                        **ANSWER TO UNVERIFIED COMPLAINT**

therein, and including a denial that plaintiff is entitled to any relief from this answering defendant, whether as alleged in said complaint, or otherwise, or at all.

2. This answering defendant denies that it was negligent, breached any duty it owed or any warranty that it made, that any of the products it distributed were defective, or that any act or omission on its part, or on the part of its agents, servants or employees imputable or attributable to it, caused any injuries to plaintiff and/or its insured, or entitles the plaintiff to the relief prayed for in said complaint, whether as alleged in the complaint, or otherwise, or at all.

## I.     FIRST AFFIRMATIVE DEFENSE

3. AS A FIRST AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each cause of action thereof, this answering defendant alleges that plaintiff has failed to state facts sufficient to constitute a cause of action against this answering defendant.

## II.     SECOND AFFIRMATIVE DEFENSE

4. AS A SECOND AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each cause of action thereof, this answering defendant alleges that each cause of action is barred by the applicable statute of limitation, including, but not limited to, CCP §§ 337, 337.1, 337.15, 338, 338.3, 339, 340, 340.3 and 340.5.

## III.     THIRD AFFIRMATIVE DEFENSE

5. AS A THIRD AND SEPARATE AFFIRMATIVE DEFENSE to the complaint and each cause of action thereof, this answering defendant alleges that the plaintiff does not have standing to assert the claimed for damages, in whole, or in part.

## IV.     FOURTH AFFIRMATIVE DEFENSE

6. AS A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint and each cause of action thereof, this answering defendant alleges by way of a plea of comparative negligence that plaintiff and/or its insured were careless and negligent in and about the matters and activities alleged in the complaint, including the inspection, maintenance, and operation of the subject toaster oven and the inspection, maintenance, and repair of the premises located at 12481 Carmel Cape, San Diego, California (hereinafter "subject property"), and that said carelessness and negligence contributed to and was the proximate causes of the alleged injuries and damages, if any,

2

**ANSWER TO UNVERIFIED COMPLAINT**

1  or was the sole cause thereof, and that if plaintiff is entitled to recover damages against this

2  answering defendant by virtue of the complaint, this answering defendant prays that said recovery be

3  diminished or extinguished by reason of the negligence of plaintiff and/or its insured in proportion to

4  the degree of fault attributable to them.

5  ### V.    FIFTH AFFIRMATIVE DEFENSE

6  7.  AS A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each

7  cause of action thereof, this answering defendant is informed and believes, and upon such

8  information and belief alleges that plaintiff, its insured, and/or other person(s) were negligent in the

9  inspection, maintenance, and operation of the subject toaster oven and in the inspection,

10  maintenance, operation and repair of the subject property and that any loss, damage or injury, if any,

11  sustained by the plaintiff and/or its insured was solely, actually, directly and proximately caused

12  thereby.

13  ### VI.    SIXTH AFFIRMATIVE DEFENSE

14  8.  AS A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each

15  cause of action thereof, this answering defendant is informed and believes, and upon such

16  information and belief alleges that the products and materials supplied by this answering defendant

17  which are alleged to have caused damage to plaintiff and/or its insured were not defectively

18  manufactured, assembled or designed and could withstand normal and intended use without causing

19  damage or injury to person or property.

20  ### VII.    SEVENTH AFFIRMATIVE DEFENSE

21  9.  AS A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and

22  each cause of action thereof, this answering defendant is informed and believes, and upon such

23  information and belief alleges that the damages which are the subject of this action, were solely,

24  directly and legally caused by plaintiff, its insured, or third parties or person(s) in the inspection,

25  maintenance, and operation of the subject toaster oven and in the inspection, maintenance, operation

26  and repair of the subject property in a manner not intended by this answering defendant, nor was the

27  inspection, maintenance, and operation of the subject toaster oven and inspection, maintenance,

28  / / /

3

**ANSWER TO UNVERIFIED COMPLAINT**

1  operation and repair of the subject property in this case reasonably foreseeable by this answering

2  defendant.

3  ### VIII.   EIGHTH AFFIRMATIVE DEFENSE

4  10. AS AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and

5  each cause of action thereof, this answering defendant is informed and believes, and upon such

6  information and belief alleges that the property damages alleged in the complaint were not the result

7  of any human intervention but was solely caused by an action of God and the natural condition of the

8  land, water and other natural conditions present at the subject property which no one could

9  reasonably be expected to anticipate and to whose effects could not be prevented by the exercise of

10  prudence, diligence and care.

11  ### IX.   NINTH AFFIRMATIVE DEFENSE

12  11. AS A NINTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each

13  cause of action thereof, this answering defendant is informed and believes and upon such

14  information alleges that plaintiff and/or its insured, with full knowledge of their damages, if any,

15  failed to mitigate such damages.

16  ### X.   TENTH AFFIRMATIVE DEFENSE

17  12. AS A TENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, an each

18  cause of action thereof, this answering defendant is informed and believes, and upon such

19  information and belief alleges that plaintiff and/or its insured did not rely on the advice, judgment

20  and/or skill of this answering defendant in the selection, maintenance and use of the subject toaster

21  oven.

22  ### XI.   ELEVENTH AFFIRMATIVE DEFENSE

23  13. AS AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint,

24  and each cause of action thereof, this answering defendant is informed and believes and upon such

25  information and belief alleges that plaintiff and/or its insured did not give it timely notice of the

26  alleged, or any alleged, breach of warranty with respect to its products which were purportedly used

27  at the subject property.

28  / / /

4

## XII.   TWELFTH AFFIRMATIVE DEFENSE

14. AS A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each cause of action thereof, this answering defendant is informed and believes and upon such information and belief alleges that it is entitled to a right of contribution from the other parties or any other person(s) whose negligence proximately contributed to the happening of the claimed incident or alleged damages if plaintiff should receive a verdict against this answering defendant.

## XIII.   THIRTEENTH AFFIRMATIVE DEFENSE

15. AS A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each cause of action thereof, this answering defendant is informed and believes and upon such information and belief alleges that plaintiff has engaged in conduct and activities sufficient to constitute a waiver by reason of which it is estopped to assert any claim or cause of action against this answering defendant.

## XIV.   FOURTEENTH AFFIRMATIVE DEFENSE

16. AS A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each cause of action thereof, this answering defendant is informed and believes and upon such information and belief alleges that plaintiff unreasonably delayed both in the filing of the complaint and the notification of this answering defendant of the alleged defects in the products and materials supplied by this answering defendant and the basis for the causes of action alleged against it, all of which has unduly and severely prejudiced this answering defendant and the defense of this action, thereby barring or diminishing the complaint herein under the doctrines of estoppel and laches.

## XV.   FIFTEENTH AFFIRMATIVE DEFENSE

17. AS A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each cause of action thereof, this answering defendant is informed and believes and upon such information and belief alleges that by virtue of plaintiff's and/or its insured's unlawful, careless, negligent, or other wrongful conduct, plaintiff should be barred from recovering against this answering this answering defendant by reason of the equitable doctrine of Unclean Hands.

/ / /

/ / /

## XVI.  SIXTEENTH AFFIRMATIVE DEFENSE

18. AS A SIXTEENTH AND SEPARATE AFFIRMATIVE DFENSE to the complaint, and each cause of action thereof, this answering defendant alleges that if it should be found that it is in any manner legally responsible for any of plaintiff's injuries or damages, which supposition is not admitted, but is merely stated for the purposes of this affirmative defense, then this answering defendant alleges that other defendants in this case and/or persons, companies or entities not party to this action were careless and negligent in and about the matters alleged in the complaint, and it is necessary that the proportionate degree of negligence, carelessness or fault of each of these other defendants, persons, companies or entities, whether made parties to this action or not, be determined and pro-rated, and that any judgment that might be rendered against this answering defendant be reduced, not only by that degree of comparative negligence, fault and/or assumption of risk found to exist as to plaintiff, but also as to the total of that degree of negligence and/or fault found to exist as to said other persons, companies or entities.

## XVII.  SEVENTEENTH AFFIRMATIVE DEFENSE

19. AS A SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each cause of action thereof, this answering defendant alleges that the damages sustained, if any, were either wholly or in part, negligently caused by person, firms, corporations or entities other than this answering defendant, and said negligence is either imputed to plaintiff by reason of the relationship of said parties to one another and/or said negligence comparatively reduced the percentage of fault, if any, of this answering defendant.

## XVIII. EIGHTEENTH AFFIRMATIVE DEFENSE

20. AS AN EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each cause of action thereof, this answering defendant alleges that if in fact plaintiff and/or its insured was damaged in any manner whatsoever, that said damage, if any, was the direct and proximate result of the intervening and superseding actions on the part of other persons or parties, and not this answering defendant, and that such intervening and superseding actions of said other parties bars recovery herein on behalf of plaintiffs.

/ / /

### XIX.   NINETEENTH AFFIRMATIVE DEFENSE

21. AS A NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, and each cause of action thereof, this answering defendant is informed and believes and upon such information and belief alleges that it is entitled by right of indemnification by apportionment against all other parties and persons whose negligence contributed proximately to the happening of the claimed incident or the alleged damages.

### XX.   TWENTIETH AFFIRMATIVE DEFENSE

22. AS A TWENTIETH AND SEPARATE AFFIRMATIVE DEFENSE to the complaint, this answering defendant reserves the right to allege further affirmative defense(s) as they may become known through the course of discovery.

WHEREFORE, this answering defendant prays for judgment against the plaintiff as follows:

1. For the plaintiff to take nothing by this complaint;

2. For this answering defendant to be dismissed with prejudice and awarded its costs of suit; and

3. For such other and further relief as the court may deem just and proper.

Dated: _9/5/06_

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Stanley A. Calvert
Attorneys for Defendant
APPLICA CONSUMER PRODUCTS, INC.
WHICH WILL DO BUSINESS IN
CALIFORNIA AS FLORIDA APPLICA
CONSUMER PRODUCTS, INC.

7

**ANSWER TO UNVERIFIED COMPLAINT**

1 | STANLEY A. CALVERT  (State Bar No. 152981)
**WILSON, ELSER, MOSKOWITZ,**
2 |    **EDELMAN & DICKER LLP**
402 West Broadway, Suite 1500,
3 | San Diego, CA 92101-8509
Telephone: 619.321.6200
4 | Facsimile: 619.321.6201

5 | Attorneys for Defendant
APPLICA CONSUMER PRODUCTS, INC. WHICH
6 | WILL DO BUSINESS IN CALIFORNIA AS FLORIDA
APPLICA CONSUMER PRODUCTS, INC.

7 |

8 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                     FOR THE COUNTY OF SAN DIEGO

10 |

11 | WAWANESA GENERAL INSURANCE ) Case No. GIC869581
COMPANY, a California corporation as subrogee of )
12 | SANDY ASCH, )
                                                  )
13 |                Plaintiff, ) **NOTICE OF REMOVAL HAS BEEN**
                                ) **FILED BY DEFENDANT APPLICA**
14 |        vs.                  )
                                 )
15 | APPLICA CONSUMER PRODUCTS, INC., ) Dept: 69
WHICH WILL DO BUSINESS IN CALIFORNIA ) Action Filed: 7/21/06
16 | AS FLORIDA APPLICA CONSUMER )
PRODUCTS, INC.; and DOES 1-20, inclusive, ) Judge:  Hon. Jeffrey B. Barton
17 |                                 )
                Defendant. )
18 |

19 | **TO THE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF**

20 | **RECORD:**

21 |        PLEASE TAKE NOTICE that on or about September 5, 2006, defendant APPLICA, by and

22 | through its attorneys of record, has caused to be filed Notice of Removal to the United States District

23 | Court, Southern District of California.  A copy of this Notice of Removal is attached hereto.

24 | Dated:  9|1|06

25 |                                        WILSON, ELSER, MOSKOWITZ,
                                           EDELMAN & DICKER LLP
26 |                                   By:  _____
                                           Stanley A. Calvert
27 |                                        Attorneys for Defendant
                                           APPLICA
28 |

---

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**

1542273.1